■ MAYFLOWER RESTAURANT CORP., Respondent, v BEJERA CORP., Doing Business as G & G EQUIPMENT Co., Appellant. — Appeal (1) from an order of the Supreme Court at Special Term (Soden, J.), entered December 29, 1980 in Schenectady County, which granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon. On March 19, 1975, plaintiff entered into a written agreement with two individual tenants. The agreement provided for the leasing of the restaurant premises with furniture, fixtures, equipment and leasehold improvements located on the premises. An inventory of the contents of the restaurant designated Schedule A was made on April 30, 1975 and attached to the lease agreement. Clause 46 of the lease provided that "the equipment listed on Schedule 'A' to the extent that it is presently in the demised premises and is owned by the landlord is included in the sublease" and that "title to the equipment shall at all times remain in landlord". The clause further provided that "upon the expiration or other termination of the term of this sub-lease, tenant shall quit and surrender to landlord the demised premises, together with all equipment, buildings and improvements thereon and trade fixtures and equipment therein". Clause 47 of the lease provided, *inter alia,* that upon termination of the lease, title to all additions, improvements, alterations and replacements made during the lease were to vest in the landlord. On April 7, 1975, plaintiff filed a Uniform Commercial Code financing statement covering in substance the contents of the premises in question used in connection with the restaurant business, including additions, replacements and substitutions. Thereafter, on May 5, 1975, the tenants purchased several items of equipment from defendant, which were placed on the leased premises and not included in the inventory designated Schedule A. Defendant acquired a security interest in this equipment and certain other after-acquired items of equipment. Plaintiff commenced the present action seeking a declaration of the rights of the parties relative to the ownership and interest in the equipment, personal property and inventory located at the restaurant premises. A motion for summary judgment was made by plaintiff seeking a determination that plaintiff has a prior security interest in the inventory and equipment listed in the inventory designated Schedule A as well as the items sold to the restaurant by defendant in May, 1975. Special Term granted plaintiff's motion and decided that plaintiff's security interest is prior to any alleged security interest held by defendant. This appeal ensued. On this appeal, the only dispute concerns items of equipment that were purchased after the lease of March 19, 1975 was executed. In order to resolve the present controversy, we must initially determine whether plaintiff acquired a security interest in the restaurant equipment in question. Absent certain considerations not relevant herein, the issue of whether a lease is intended as security is to be determined by the facts of each case (Uniform Commercial Code, § 1-201, subd [37]). Accordingly, we must examine the lease agreement in question to ascertain whether such an interest was created. While the language of the lease agreement indicates that plaintiff intended to reserve title to the property on the premises and also after-acquired property, such is not sufficient to create a security interest. Nor does the fact that the tenants were obligated to return all equipment on the premises at the expiration of the lease indicate an intention to create such an interest. Considering the record in its entirety, we conclude, as a matter of law, that the lease in question did not create a security interest in the equipment in question and, therefore, the order and judgment must be reversed. Order and judgment reversed, on the law, with costs, and it

is declared that plaintiff does not have a security interest in the equipment placed on the leased premises purchased after March 19, 1975 which is superior to defendant's security interest in such equipment. Mahoney, P. J., Sweeney, Casey and Yesawich, Jr., JJ., concur.